Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/08/2016 09:05 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Joseph A. Kishiyama, respondent.

___ N.W.2d ___

Filed April 8, 2016.    No. S-16-227.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Joseph A. Kishiyama, on March 3, 2016. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on January 10, 2008. The law firm at which respondent had been employed sent a grievance letter regarding respondent dated October 2, 2015, to the Counsel for Discipline of the Nebraska Supreme Court. The grievance letter generally alleged that respondent had mishandled the representation of certain clients, including that respondent had lied to clients regarding filing certain pleadings, had provided clients with false court filings, and had delayed reporting to clients the status of their cases. The grievance letter

alleged that by his actions, respondent violated several of the Nebraska Court Rules of Professional Conduct.

On March 3, 2016, respondent filed a voluntary surrender of license, in which he stated that he knowingly does not challenge or contest the truth of the suggested allegations set forth in the grievance letter. Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts

respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.